1  MAYER BROWN LLP
   DALE J. GIALI (SBN 150382)
2  *dgiali@mayerbrown.com*
   MICHAEL L. RESCH (SBN 202909)
3  *mresch@mayerbrown.com*
   ANDREA M. WEISS (SBN 252429)
4  *aweiss@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
5  Los Angeles, CA  90071-1503
   Telephone:   (213) 229-9500
6  Facsimile:    (213) 625-0248

7  Attorneys for Defendant
   AMY'S KITCHEN, INC.

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                **SAN FRANCISCO DIVISION**

12

13  ROBERT FIGY, individually and on          Case No. CV 13-03816 SI
    behalf of all others similarly situated,
                                              **DEFENDANT AMY'S KITCHEN, INC.'S**
14                 Plaintiff,                 **REQUEST FOR JUDICIAL NOTICE**
                                              **IN SUPPORT OF ITS MOTION TO**
15       v.                                   **DISMISS**

16  AMY'S KITCHEN, INC.                       Date:        December 10, 2013
                                              Time:        9:00 a.m.
17                 Defendant.                 Courtroom:  10
                                              Judge:       Honorable Susan Illston
18
                                              Action Filed:  August 16, 2013
19

20

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Evidence 201, and in connection with its pending motion to

2  dismiss, defendant Amy's Kitchen, Inc., respectfully requests that the Court take judicial notice

3  of the following exhibits, which are attached hereto:

4    1.    Exhibit A, a true and correct copy of the evaporated cane juice ("ECJ") complaint

5  filed on April 29, 2013 in the matter of *Reilly v. Amy's Kitchen, Inc.*, No. 1:13-cv-21525-JIC,

6  pending in the Southern District of Florida.

7    2.    Exhibit B, a true and correct copy of the ECJ complaint filed on October 21, 2013

8  in the matter of *Gilbert v. Amy's Kitchen, Inc.*, No. 2013-L-011629, pending in the Circuit Court

9  of Cook County, Illinois.

10    **The Court may take judicial notice of the *Reilly* and *Gilbert* ECJ complaints.**

11  Complaints from other actions may be judicially noticed pursuant to Federal Rule of Evidence

12  201 because they are readily verifiable court filings.  *See Reyn's Pasta Bella, LLC v. Visa USA,*

13  *Inc.*, 442 F.3d 741, 746 n.6 (9th cir. 2006) ("We may take judicial notice of court filings and

14  other matters of public record."); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1124 n.29

15  (9th Cir. 2002) (granting request for judicial notice of the complaint in another case).

16    **The Court should take judicial notice of the *Reilly* and *Gilbert* complaints because**

17  **they demonstrate the importance of applying the primary jurisdiction doctrine in this case.**

18  *Reilly* (a Florida class under Florida law), *Gilbert* (an Illinois class under Illinois law) and this

19  case (a nationwide class under California law) all require the determination of, among other

20  things, whether "evaporated cane juice" is the "common or usual name" of an ingredient in

21  Amy's Kitchen products.  *See* Complaint (Dkt. #1) at ¶¶ 15, 36; *Reilly* Complaint at ¶¶ 2, 13;

22  *Gilbert* Complaint at ¶¶ 17, 36.  This determination is essential to plaintiffs' claims in all three

23  lawsuits, because FDA regulations require food manufacturers to identify ingredients by their

24  "common or usual name."  21 C.F.R. § 101.4(a)(1).  As a result, if evaporated cane juice is the

25  common or usual name of an ingredient, plaintiffs' efforts to require a different name would seek

26  to impose non-identical requirements and would be expressly preempted under 21 U.S.C. § 343-

27  1.

28

1

1    In light of the three pending lawsuits against Amy's Kitchen, the risk of inconsistent

2  rulings is manifest.  This Court could decide that "evaporated cane juice" is the common or usual

3  name of the ingredient, the court in Florida could decide that "dried cane syrup" is the common

4  or usual name, and the court in Illinois could decide that "natural cane sugar" is the common or

5  usual name.  The result: Amy's Kitchen would have to print different labels for different states.

6  Such a result plainly defeats Congress's goal of creating a national uniform standard for food

7  labeling.  *See, e.g., Turek v. Gen. Mills, Inc.* 662 F. 3d 423, 427 (7th Cir. 2011) ("It is easy to see

8  why Congress would not want to allow states to impose disclosure requirements of their own on

9  packaged food products, most of which are sold nationwide.  Manufacturers might have to print

10  50 different labels . . .").

11    It is not surprising that courts applying the primary jurisdiction doctrine have cited the

12  need to avoid such a threat to the national uniform labeling standard.  The decision in *Taradejna*

13  makes the point crystal clear:

14  > Moreover, the FDA's ultimate decision on the permitted ingredients in yogurt will
   > ensure **national uniformity** in labeling, utilizing the Agency's special expertise in
15  > this regard. ***The Agency's unique role in ensuring such consistency and
   > uniformity is particularly significant here, as several recently-filed yogurt***
16  > ***lawsuits throughout the country involve the same or similar issues as found in
   > the instant suit. The increasing volume of this litigation creates the potential for***
17  > ***inconsistent judicial rulings. This underscores the importance of promoting
   > uniformity by referral of this matter to the FDA.*** While the Court is very mindful
18  > of added expense and delay that may result from a primary jurisdiction referral,
   > the need for scientific and technical expertise and uniformity and consistency
19  > within this field outweighs these other considerations.

20  *Taradejna v. Gen. Mills, Inc.*, 909 F. Supp 2d 1128, 1135 (D. Minn. 2012) (emphasis added); *see*

21  *also, e.g., Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002)

22  ("Uniformity in administration" is a factor supporting primary jurisdiction); *see also Gordon v.*

23  *Church & Dwight Co.*, 2010 WL 1341184, at *1-2 (N.D. Cal. Apr. 2, 2010) (need for uniformity

24  supported finding of primary jurisdiction, particularly where, as here, the issue remains "under

25  review" with the FDA).

26

27

28

1

2     DATED:  November 15, 2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MAYER BROWN LLP
Dale J. Giali
Michael L. Resch
Andrea M. Weiss


By:/s/ *Dale J. Giali*
Dale J. Giali
Attorneys for Defendant
AMY'S KITCHEN, INC.