IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. FIGY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMY'S KITCHEN, INC.,<br><br>Defendant. | No. CV 13-03816 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

The motion by defendant Amy's Kitchen, Inc. to dismiss plaintiff Robert E. Figy's complaint is scheduled for hearing on December 10, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss. If plaintiff wishes to amend his complaint, he must do so by **December 23, 2013.**

## BACKGROUND

This is a consumer class action. Defendant Amy's Kitchen markets and sells a number of products listing "evaporated cane juice" or "organic evaporated cane juice" as an ingredient on the product's labeling. Docket No. 1, Compl. ¶¶ 8, 15-17, Exs. 1-5. Plaintiff alleges that under federal law, the ingredient at issue is required to be labeled as "sugar," the common and usual name of the ingredient, and not as "evaporated cane juice." *Id.* ¶¶ 19-24, 33-37, 40 (citing 21 C.F.R. §§ 101.3,

101.4, 102.5, 120.1, 184.1854). Plaintiff alleges that defendant's mislabeling of this ingredient is in violation of California's Sherman Law ("Sherman Law"), California Health and Safety Code § 109875 et seq. *Id.* ¶¶ 33-39. Plaintiff alleges that he purchased five of defendant's products, and that these products were legally worthless and illegal to sell or possess based on defendant's illegal labeling of the products. *Id.* ¶¶ 32, 41.

On August 16, 2013, plaintiff filed a class action complaint against defendant Amy's Kitchen, alleging one cause of action for violation of the unlawful prong of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq. Compl. ¶¶ 67-76. By the present motion, defendant moves to dismiss plaintiff's sole cause of action on several grounds, including lack of standing. Docket No. 23.

## LEGAL STANDARD

### I. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking. *See* Fed. R. Civ. Proc. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. *Id.*

## II.   Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendant argues that plaintiff's complaint should be dismissed for lack of standing under the UCL because plaintiff has failed to allege that he relied on the products' ingredient labeling. Def.'s Mot. at 9-10. In response, plaintiff argues that reliance on a label misrepresentation is not a necessary element of a claim under the unlawful prong of the UCL. Pl.'s Opp'n at 14-18.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Virtually any law—federal, state or local—can serve as a predicate for an action under the unlawful prong of the UCL. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010).

In order to assert a claim under the UCL, a person must have "suffered injury in fact and . . . lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court has held that the phrase "as a result of" in section 17204 "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009). In *Tobacco II*, the California Supreme Court emphasized that its "discussion of causation in this case is limited to such cases where, as here, a UCL action is based on a fraud theory involving false advertising and misrepresentations to consumers. The UCL defines 'unfair competition' as 'includ[ing] any unlawful, unfair or fraudulent business act or practice . . . .' There are doubtless many types of unfair business practices in which the concept of reliance, as discussed here, has no application." *Id.* at 325 n.17. Although the holding in *Tobacco II* was limited as such, the California Supreme Court subsequently held that the actual reliance

4

requirement also applies to claims under the unlawful prong of the UCL where the alleged unlawful conduct is that the defendant engaged in misrepresentations and consumer deception. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 n.9 (2011) (citing *Durell*, 183 Cal. App. 4th at 1363 ("[T]he reasoning of *Tobacco II* [concerning the actual reliance requirement] applies equally to the 'unlawful' prong of the UCL when, as here, the predicate unlawfulness is misrepresentation and deception."); *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1385 (2010) ("[W]e conclude the reasoning of *Tobacco II* applies equally to the 'unlawful' prong of the UCL, when, as here, the predicate unlawful conduct is misrepresentation."). This is because "[a] consumer's burden of pleading causation in a UCL action should hinge on the nature of the alleged wrongdoing rather than the specific prong of the UCL the consumer invokes." *Durell*, 183 Cal. App. 4th at 1363.

Plaintiff's claim under the unlawful prong of the UCL is based on the defendant's alleged violations of 21 C.F.R. §§ 101.3, 101.4, 102.5 and California Health and Safety Code §§ 110725, 110760, 110765, 110770. Compl. ¶¶ 21, 34-35. California Health and Safety Code §§ 110760, 110765, 110770 make it unlawful to misbrand food and to manufacture, sell, deliver, hold, offer for sale, or receive in commerce any food that is misbranded. California Health and Safety Code § 110725 provides that food "is misbranded unless it bears a label clearly stating the common or usual name of each ingredient." Similarly, 21 C.F.R. §§ 101.3(b)(2), 101.4(a)(1), 102.5, incorporated into California law by California Health and Safety Code § 110100, require that food labels bear "the common or usual name of the food" and that the ingredients "shall be listed by common or usual name." Plaintiff argues that the predicate unlawful conduct in his claim is a labeling violation, not a misrepresentation. Pl.'s Opp'n at 17 n.12. However, the statutes relied on by plaintiff prohibit a particular type of consumer deception, the mislabeling of food products. These statutes are similar to one of the statutes relied on by the plaintiff in *Kwikset,* California Business and Professions Code § 17533.7, which also prohibits a particular type of consumer deception—the mislabeling of products using the words "'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States." In *Kwikset*, the California Supreme Court held that the actual reliance requirement from

*Tobacco II* applied to the plaintiff's UCL claim even though he alleged unlawful conduct was based on a violation of California Business and Professions Code § 17533.7. *Kwikset*, 51 Cal. 4th at 326 n.9. The California Supreme Court explained that section 17533.7 merely codifies "prohibitions against certain specific types of misrepresentations." *Id.* Therefore, because the statutes plaintiff relies on prohibit specific types of misrepresentations on food labels—the listing of an ingredient by a name other than its common or usual name—the actual reliance requirement applies to plaintiff's claim even though it is brought under the unlawful prong of the UCL.[1] *See id.*; *see also Wilson v. Frito-Lay N. Am.*, 2013 U.S. Dist. LEXIS 153136, at *23-24 (N.D. Cal. Oct. 24, 2013) (applying the actual reliance requirement to the plaintiff's UCL claim alleging unlawfulness based on misbranding in violation of FDA regulations and the Sherman Law "because Plaintiffs are asserting that Defendant used deceptive labeling practices to hide the truth of the Products' ingredients"); *Brazil v. Dole Food Co.*, 2013 U.S. Dist. LEXIS 136921, at *30-31 (N.D. Cal. Sept. 23, 2013) (same). Accordingly, to satisfy the UCL's standing requirement, plaintiff must plead actual reliance. *Tobacco II*, 46 Cal. 4th at 328.

To plead actual reliance, the "plaintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct." *Tobacco II*, 46 Cal. 4th at 328. However, "the plaintiff is not required to allege that those misrepresentations were the sole or even the decisive cause of the injury-producing conduct." *Id.* A plaintiff can satisfy the UCL's standing requirement by

---

[1] Plaintiff's citations to *Medrazo v. Honda of North Hollywood*, 205 Cal. App. 4th 1 (2012) and *Steroid Hormone Product Cases*, 181 Cal. App. 4th 145 (2010) are unpersuasive. *Steroid Hormone* was decided prior to the California Supreme Court's decision in *Kwikset* and the alleged unlawful conduct was not based on a statute prohibiting specific types of misrepresentations. *Steroid Hormone*, 181 Cal. App. 4th at 150 n.4 (alleging unlawful conduct based on a law prohibiting the sale of a schedule III controlled substance without a prescription). *Medrazo* contains no discussion of *Kwikset*'s statement that the actual reliance requirement applies to claims under the unlawful prong of the UCL where the alleged unlawful conduct is based on a statute that prohibits specific types of misrepresentations. Moreover, *Medrazo* erroneously states that the California Supreme Court in *Tobacco II* "explained that an actual reliance requirement does not apply to UCL actions that are not based upon a fraud theory." *Medrazo*, 205 Cal. App. 4th at 12. No such statement was made in *Tobacco II*. The California Supreme Court merely stated that its holding was limited to cases where the UCL action is based on a fraud theory and that there are many types of unfair business practices in which the concept of reliance has no application. The California Supreme Court has not enumerated the specific types of unfair business practices where reliance has no application. *See Kwikset*, 51 Cal. 4th at 326 n.9 ("As in *In re Tobacco II Cases*, at page 325, footnote 17, we need express no views concerning the proper construction of the cause requirement in other types of cases.").

alleging that he or she would not have bought the product but for the alleged misrepresentation. *Kwikset*, 51 Cal. 4th at 330.

In the complaint, plaintiff does not allege that prior to purchasing the products, he read the ingredients labels and saw the term "evaporated cane juice." Therefore, plaintiff has failed to allege sufficient facts establishing that he relied on the alleged misbranding in purchasing the products.[2] Plaintiff argues that he does not have to expressly plead reliance because under California law, a presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material. Pl.'s Opp'n at 18-19 (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (1997)). Although there may be an inference of reliance upon a showing of materiality, to adequately allege reliance, a plaintiff must still at a minimum allege that he saw the representation at issue. *See,e.g.*, *Durell*, 183 Cal. App. 4th at 1363 (affirming dismissal of plaintiff's UCL claim where the plaintiff failed to allege that he ever visited the defendant's website and read the alleged misrepresentation); *Bruton v. Gerber Prods. Co.*, 2013 U.S. Dist. LEXIS 129241, at *62-63 (N.D. Cal. Sept. 6, 2013) (dismissing plaintiff's UCL claim where plaintiff failed to allege that "she ever actually viewed any of the alleged misrepresentations"); *see also Kwikset*, 51 Cal. 4th at 327 (stating that a claim is properly dismissed where the plaintiff fails to allege any reliance on the representations at issue). Accordingly, the Court GRANTS defendant's motion to dismiss for lack of standing under California Business and Profession Code § 17204.[3]

---

[2] Indeed, in his opposition, plaintiff admits that he failed to plead reliance on defendant's label misrepresentations. Pl.'s Opp'n at 23.

[3] Because the Court dismisses plaintiff's complaint for lack of standing under the UCL, the Court declines to address the other grounds for dismissal raised in defendant's motion to dismiss.

7

**CONCLUSION**

Accordingly, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend the complaint. Docket No. 23.  If plaintiff wishes to amend the complaint, plaintiff must do so by **December 13, 2013**.

**IT IS SO ORDERED.**

Dated: November 25, 2013

SUSAN ILLSTON
United States District Judge