IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. FIGY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AMY'S KITCHEN, INC,

    Defendant.

No. C 13-03816-SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT AND/OR FOR RELIEF FROM JUDGMENT**

A motion by plaintiff Robert Figy to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and/or for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is scheduled for a hearing on July 25, 2014. Docket No. 65. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion.

**BACKGROUND**

This is a consumer class action. Defendant Amy's Kitchen markets and sells a number of products listing "evaporated cane juice" or "organic evaporated cane juice" ("ECJ") as an ingredient on the product's labeling. Docket No. 44, First Amended Complaint ("FAC") ¶¶ 2, 5 (Table 1). Plaintiff alleges that using the term ECJ violates Food and Drug Administration ("FDA") regulations which require food labels to reflect the common or usual name of an ingredient. FAC ¶¶ 5, 24, 44, 48 (citing 21 C.F.R. §§ 101.3, 101.4, 102.5, 131.200, 184.1854, 1.21, 120.1, 168.130). Plaintiff alleges that the common or usual name for ECJ is actually "sugar," and that defendant uses the term ECJ instead

of the term "sugar" to make its products appear healthier to consumers. FAC ¶¶ 17, 41. Plaintiff further alleges that defendant's failure to comply with these FDA regulations violates California's Sherman Law ("Sherman Law"), California Health and Safety Code § 109875 et seq. *Id.* ¶¶ 8-10, 37-38, 61-65.

Based upon those alleged violations, plaintiff filed a class action complaint against Amy's Kitchen on August 16, 2013. Docket No. 1, Compl. On November 25, 2013, the Court granted defendant's motion to dismiss the complaint with leave to amend. Docket No. 38. On December 13, 2013, plaintiff filed the FAC, asserting causes of action under the following California consumer protection statutes: (1) the Unfair Competition Law ("UCL") for unlawful business practices; (2) the UCL for unfair business practices; (3) the UCL for fraudulent business practices; (4) the False Advertising Law ("FAL") for misleading and deceptive advertising; (5) the FAL for untrue advertising; and (6) the Consumer Legal Remedies Act ("CLRA") for unlawful sale of misbranded products and misrepresentations regarding those products. *See* FAC. Plaintiff also alleges causes of action for: (7) breach of express warranty; (8) breach of implied warranty; (9) negligent misrepresentation; (10) negligence; (11) unjust enrichment; (12) recovery in assumpsit; and (13) declaratory relief. *Id.* By the present motion, defendant moves to dismiss plaintiff's FAC. Docket No. 48, Motion to Dismiss. On January 29, 2014, defendant filed a motion to dismiss plaintiff's FAC based upon, among other grounds, the doctrine of primary jurisdiction. Docket No. 48. On April 9, 2014, the Court granted defendant's motion to dismiss, dismissed plaintiff's action without prejudice pursuant to the doctrine of primary jurisdiction, and entered judgment in favor of defendant and against plaintiff. Docket Nos. 63, 64.

By the present motion, plaintiff moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment; and pursuant to Federal Rule of Civil Procedure 60(b)(1), (b)(6) for relief from the judgment. Docket No. 65, Pl.'s Mot.

**LEGAL STANDARDS**

A district court may reconsider its entry of judgment against a party "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment. "'Since specific grounds for

a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). But, amendment or alteration of a judgment is "'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* "A court considering a Rule 59(e) motion is not limited merely to these four situations, however." *Id.* A Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

Under Federal Rule of Civil Procedure 60(b)(1), a district court may relieve a party from a final judgment based on "(1) mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(1) is not limited to mistakes made by litigants and "may include mistake and inadvertence by the judge." *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("[A] district court can correct its own mistake months after judgment, under Rule 60(b)."); *accord Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

Under Federal Rule of Civil Procedure 60(b)(6), a district court may relieve a party from a final judgment for "any other reason that justifies relief." "'Rule 60(b)(6) is a grand reservoir of equitable power,' and it affords courts the discretion and power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). However, the Ninth Circuit has cautioned that Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A party moving for relief under Rule 60(b)(6) 'must

3

1 demonstrate both injury and circumstances beyond his control that prevented him from proceeding with
2 the action in a proper fashion.'" *Id.*

A Rule 60(b) motion should be denied when the motion is merely a reiteration of arguments that have already been presented to the district court. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Moreover, a Rule 60(b) motion cannot be used to present new arguments that could have been raised prior to the entry of judgment. *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009); *McCloskey v. Courtnier*, No. C 05-4641 MMC, 2013 U.S. Dist. LEXIS 39076, at *5 (N.D. Cal. Mar. 20, 2013); *Barker v. Hertz Corp.*, No. CV 07-554-PHX-MHM, 2008 U.S. Dist. LEXIS 99287, at *2 (D. Ariz. Nov. 24, 2008).

**DISCUSSION**

Plaintiff argues that the Court should alter or amend the judgment and/or grant him relief from the judgment based on the following two grounds. First, plaintiff argues that the Court committed clear error when it applied the doctrine of primary jurisdiction to his claims. Pl.'s Mot. at 5-10. Second, plaintiff argues that the Court committed clear error when, after determining that the doctrine of primary jurisdiction applied, it dismissed his action without prejudice rather than staying the action. *Id.* at 11-15.

Plaintiff argues that the Court committed clear when it determined that the doctrine of primary jurisdiction applies his claims challenging the use of term ECJ on defendant's labels. Pl.'s Mot. at 5-10. Specifically, plaintiff argues that the issue of whether the use of the term ECJ on food labels is permissible is not a question of first impression with the FDA and it does not involve particularly complicated issues within the special competence of the FDA. *Id.* However, here, plaintiff merely seeks to relitigate the prior motion to dismiss. All of the arguments in plaintiff's motion are either arguments that were made in opposition to defendant's motion to dismiss or arguments that could have been made prior to the entry of judgment.[1] A Rule 59(e) or Rule 60(b) motion cannot be used to relitigate old

---

[1] The Court notes that the March 5, 2014 FDA notice was issued after plaintiff had already filed his opposition to the motion to dismiss on February 21, 2014. Docket No. 50. However, plaintiff later filed a sur-reply brief specifically addressing the effect of the March 5, 2014 FDA notice on defendant's primary jurisdiction arguments. Docket No. 58.

4

matters or raise new arguments that could have previously been presented prior to the entry of judgment. *See Exxon Shipping*, 554 U.S. at 485 n.5; *Maraziti*, 52 F.3d at 255; *San Luis & Delta-Mendota Water Auth.*, 624 F. Supp. 2d at 1208. Moreover, the Court notes that since it issued its order in this case finding that the doctrine of primary jurisdiction applies to plaintiff's claims, several other courts in this district have applied the doctrine of primary jurisdiction to actions involving similar claims related to the use of the term ECJ on food labeling. *See, e.g.*, *Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-TEH, 2014 U.S. Dist. LEXIS 62700 (N.D. Cal. May 5, 2014); *Avila v. Redwood Hill Farm & Creamery, Inc.*, No. 5:13-CV-00335-EJD, 2014 U.S. Dist. LEXIS 69378 (N.D. Cal. May 19, 2014); *Swearingen v. Attune Foods, Inc.*, No. C 13-4541 SBA, 2014 U.S. Dist. LEXIS 68558 (N.D. Cal. May 19, 2014); *Swearingen v. Yucatan Foods, L.P.*, No. C 13-3544 RS, 2014 U.S. Dist. LEXIS 72575 (N.D. Cal. May 20, 2014); *Swearingen v. Late July Snacks LLC*, No. C-13-4324 EMC, 2014 U.S. Dist. LEXIS 74114 (N.D. Cal. May 29, 2014); *Smedt v. Hain Celestial Group, Inc.*, No. 5:12-CV-03029-EJD, 2014 U.S. Dist. LEXIS 74291, at *10-16 (N.D. Cal. May 30, 2014); *Gitson v. Clover Stornetta Farms*, No. C -13-01517(EDL), 2014 U.S. Dist. LEXIS 83880 (N.D. Cal. Jun. 9, 2014). Accordingly, the Court denies plaintiff's motion to the extent it is based on the Court's prior determination that the doctrine of primary jurisdiction applies to his claims.

Plaintiff argues that the Court's decision to dismiss the action without prejudice rather than stay the action constitutes clear error. Pl.'s Mot. at 11-15. Specifically, plaintiff argues that a stay of the action is appropriate because he would be disadvantaged by a dismissal without prejudice and further judicial proceedings in this action following the agency action are contemplated. *Id.* The Court notes that all of the arguments in plaintiff's motion for reconsideration concerning whether the Court should have stayed or dismissed the action are arguments that plaintiff could have made in his opposition or in his sur-reply. Indeed, in the motion for reconsideration, plaintiff concedes that in his opposition and his sur-reply he never even addressed the issue of whether a stay rather than dismissal would be appropriate in the event that the Court determined that the doctrine of primary jurisdiction applied to his claims. Docket No. 65 at 14-15. Nevertheless, based on the unique circumstances of this case, the potential prejudice to plaintiff, and the apparent lack of prejudice to defendant, the Court exercises its discretion and reconsiders its prior decision to dismiss the action without prejudice rather than stay the action.

5

Application of the doctrine of primary jurisdiction "does not deprive the court of jurisdiction; it has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." *Reiter v. Cooper,* 507 U.S. 258, 268-69 (1993). The Ninth Circuit has explained that a stay rather than dismissal is appropriate when "a party will be disadvantaged by dismissal without prejudice" due to, for example, the running of the applicable statute of limitations or further judicial proceedings following the administrative action are contemplated. *See Davel Communs., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006). "Whether to stay or dismiss without prejudice a case within an administrative agency's primary jurisdiction is a decision within the discretion of the district court." *Id.* Here, plaintiff argues that he will be disadvantaged by a dismissal without prejudice because there is a strong likelihood that the statute of limitations on some of plaintiff's claims would expire by the time the FDA issues a final guidance document. Docket No. 65 at 12. Plaintiff also argues that he will be disadvantaged by a dismissal because he will likely lose at least a year off the class period and possibly more. *Id.* Further, depending on the final guidance that is ultimately issued by the FDA, further judicial proceedings in this action may be contemplated. Accordingly, after reconsideration of the issue, the Court concludes that it is appropriate to stay the action pursuant to the doctrine of primary jurisdiction. *See Gitson*, 2014 U.S. Dist. LEXIS 83880, at *30 ("Although the Court has no opinion at this time as to Plaintiffs' statute of limitations and tolling arguments, to minimize any potential prejudice to Plaintiffs, the Court will stay the action, and revisit the stay in six months."); *Late July Snacks LLC*, 2014 U.S. Dist. LEXIS 74114, at *10 ("To minimize any prejudice to the Plaintiffs and the loss of claims because of the activation of the statute of limitations which flows from the dismissal, the Court finds it is appropriate to stay the action and to revisit whether the stay is still appropriate at a status conference in five months time.").

**CONCLUSION**

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion to alter or amend the judgment and/or for relief from judgment. Docket No. 65. The Court sets aside the previously entered April 9, 2014 judgment, reopens the action, and stays the action pursuant to the doctrine of primary jurisdiction. The Court schedules a status conference for **Friday, December 12, 2014** at **3:00 p.m.** The parties must file a joint status report no later than **December 5, 2014.**

**IT IS SO ORDERED.**

Dated: July 7, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE